FILED

2020 Apr-03  PM 03:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

DONNA BEAVERS,
Plaintiff,

vs.

Civil Action No.:

TOWN OF PARRISH.,
Defendant.

## I. JURISDICTION

1. The jurisdiction of this court is invoked pursuant to 28 U.S.C. 1331, 1343, 42 U.S.C. 1983, as amended,  28 U.S.C. 2201 and  2202,  and the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201-219 (1994), as amended, and the anti-retaliation provisions of the FLSA.

## II. PARTIES

2. Plaintiff is a citizen of the State of Alabama.

3. Defendant is a municipal corporation located in Walker County, Alabama.

4. Defendant is an employer within the meaning of FLSA.

## III. STATEMENT OF PLAINTIFF'S CLAIMS

OVERTIME PAY

5.   Plaintiff claims she suffered violations of the overtime wage and anti-retaliation provisions of the FLSA.  Plaintiff seeks judgment for unpaid minimum compensation, overtime compensation, liquidated damages, and attorneys' fees; plaintiff also seeks compensatory and punitive damages for retaliatory discharge and reinstatement.

6.   The defendant cannot work the employee (wage earner) for a workweek longer than forty hours unless his employee (wage earner) receives overtime compensation at a rate of not less than one and a half ties regular rate.  29 U.S.C. Section 207 (a)(1).

7.   Plaintiff was forced to work overtime without compensation.  29 U.S.C. Section 203 (g) beginning on to-wit, February of 2017.  Plaintiff claims that from this date to the date that she was terminated, she worked over 372 hours overtime without overtime pay.

8.   Plaintiff worked overtime without compensation and the defendant knew or should have known of the overtime work.  Reich, 28 F.3d at 1081-82.

9.    The plaintiff was not an exempt employee.   Plaintiff did not customarily and regularly direct the work of at least two or more other full-time employees or their equivalent.  Nor did the plaintiff work primarily as a manager in that her duties were not primarily managerial or supervisory.  The evidence is that plaintiff's duties

were primarily as a clerk.   Plaintiff would work her hours and then be told to manually adjust her time to 40 hours if and when she was over 40 hours in a week.

10.  Plaintiff was not paid her overtime all the way up to this year when she was terminated.

11.  The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for injunctive relief is his only means of receiving adequate relief.  Plaintiffs are now suffering and will continue to suffer irreparable injury from Defendants' unlawful practices unless enjoined by the court.

12.   The Plaintiff avers that as a consequence of the Defendants' illegal actions, Plaintiff has suffered mental anguish and other damages.

13.   The employer committed a willful violation of the statue when it/she knowingly disregarded the possibility that it/he was violating the statute.

WHEREFORE, premises considered, plaintiff demands judgment for unpaid overtime and attorney fees and costs and compensatory damages.  Plaintiff prays for such other and further, different or additional relief as justice may require.

/s/ Terrell E. McCants

_____

Terrell E. McCants (ASB-2299-L68M)

Burrell & McCants
712 32nd Street South
Birmingham, Al 35233
(205) 202-5599
fax: (205)918-8041        e-mail: Terrell@burrellmccants.com